## UNITED STATES DISTRICT COURT
## EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| **DARYL CARPENTER, ET AL.,**     Plaintiffs | **CIVIL ACTION** |
| **VERSUS** | **NO. 17-808** |
| **CRAIG WEBRE, ET AL.,**     Defendants | **SECTION: "E"** |

### ORDER AND REASONS

Before the Court are two motions: (1) a motion to dismiss pursuant to Federal Rule of Civil Procedure 12(b)(6) filed by Defendants Sergeant Jeffery Prevost and Lafourche Parish Sheriff Craig Webre (collectively the "Sheriff Defendants"),[1] and (2) a motion to dismiss pursuant to Federal Rule of Civil Procedure 12(b)(6) filed by Defendants Castex Lafourche, LP and Glenn M. Plaisance (collectively the "Castex Defendants").[2] The motions are opposed.[3] For the reasons that follow, the Court grants both motions.

### I.   BACKGROUND[4]

On April 29, 2016, Plaintiff Daryl Carpenter, principal and sole owner of Plaintiff Reel Screamers Guide Service, LLC ("Reel Screamers") (collectively "Plaintiffs"), was "guiding a family of three on a red fishing trip," having departed from Grand Isle, Louisiana and navigated to the Golden Pond through a series of "interconnected natural navigable waterways."[5] While Carpenter was guiding the family of three, Plaisance, who manages the land upon which Golden Pond is situated, approached Carpenter by boat,

---

[1] R. Doc. 82.
[2] R. Doc. 81.
[3] R. Doc. 86.
[4] The background is based on the allegations in Plaintiff's First Amended Complaint. R. Doc. 25.
[5] R. Doc. 25 at ¶¶ 15, 16.

1

advising him that he and his passengers "were trespassing on private property and had to leave."[6] Carpenter "begrudgingly" left Golden Pond after this encounter.[7]

On June 6, 2016, Carpenter was driving away from his home in Grand Isle, Louisiana when "his lane of travel was cut off to the front by an unidentified Grand Isle policeman in a marked squad car."[8] Sergeant Provost and Deputy Drake Duet approached Carpenter and explained that Plaisance "was pursuing a complaint against Plaintiff for trespassing,"[9] and warned Carpenter "that this would be his 'first and final official warning,' [and] that if he [were] found on Mr. Plaisance's property again, he would be arrested."[10]

On January 31, 2017, Plaintiffs filed suit against the Sheriff Defendants and the Castex Defendants.[11] Plaintiffs filed an amended complaint on May 16, 2017.[12] On November 8, 2017, at the Court's direction, Plaintiffs filed a supplemental memorandum referencing the allegations in their amended complaint and clarifying the causes of action being asserted against each Defendant and pointing out the factual allegations supporting each claim.[13] On June 20, 2017, Defendants moved for partial dismissal of Plaintiffs' claims.[14] On March 23, 2018, the Court granted both motions, leaving only Plaintiffs' claims for declaratory relief pursuant to 28 U.S.C. §§ 2201–02 and Plaintiffs' state law claims.[15]

---

[6] *Id.* at ¶ 18, 19.
[7] *Id.* at ¶ 20.
[8] *Id.* at ¶ 30.
[9] *Id.* at ¶ 34.
[10] *Id.* at ¶ 35.
[11] R. Doc. 1.
[12] R. Doc. 25.
[13] R. Doc. 65.
[14] R. Docs. 31, 34.
[15] Specifically, the Court dismissed Plaintiffs' claims based on: (1) 42 U.S.C. § 1983, R. Doc. 65 at 6; *see* R. Doc. 25 at ¶ 71(T)–(W); (2) 15 U.S.C §§ 1, 13, 15 (anti-trust and unfair competition claims), R. Doc. 25 at ¶ 3; R. Doc. 65 at 1–3; and (3) "general maritime negligence and intentional tort," R. Doc. 25 at 32, R. Doc. 65 at 9.

The declaratory relief Plaintiffs seek against all Defendants under 28 U.S.C. §§ 2201–02 is:

> (1) "a declaration of the boundary between the public bed of the Golden Pond and other similarly situated navigable waters at issue in this litigation and the private property of CASTEX";[16] or, in the alternative,
>
> (2) "a declaration of their Federal and Louisiana State law rights to navigate, conduct commercial fishing operations, and otherwise engage in interstate maritime commerce upon the Golden Pond and other similarly situated navigable waters at issue in this litigation of which CASTEX asserts ownership."[17]

Plaintiffs' remaining state law claims are:

> (1) "Louisiana law negligence/intentional tort;"[18] and
> (2) the Louisiana Constitution,[19] "specifically violations of rights secured to him under Article I, Sections 2 (Due process), 3 (Right to Dignity), 4 (Right to Property), 5 (Right to Privacy), 13 (Rights of the Accused), and 27 (Freedom to Hunt, Fish, and Trap)."[20]

Defendants now move to dismiss Plaintiffs' remaining claims.[21]

## II.   STANDARD OF REVIEW

Pursuant to Federal Rule of Civil Procedure 12(b)(6), a district court may dismiss a complaint, or any part of it, for failure to state a claim upon which relief may be granted if the plaintiff has not set forth factual allegations in support of his claim that would entitle him to relief.[22] "To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'"[23] "A claim has facial plausibility when the plaintiff pleads factual content that allows the

---

[16] R. Doc. 25 at 107.
[17] *Id.* at 108.
[18] R. Doc. 25 at 32–35; R. Doc. 65 at 9–15.
[19] R. Doc. 25 at ¶¶ 6, 75; R. Doc. 65 at 7.
[20] R. Doc. 25 at ¶ 55; R. Doc. 65 at 5, 7.
[21] R. Docs. 81, 81.
[22] *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007); *Cuvillier v. Taylor*, 503 F.3d 397, 401 (5th Cir. 2007).
[23] *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Twombly*, 550 U.S. at 570).

court to draw the reasonable inference that the defendant is liable for the misconduct alleged."[24] However, the court does not accept as true legal conclusions or mere conclusory statements,[25] and "conclusory allegations or legal conclusions masquerading as factual conclusions will not suffice to prevent a motion to dismiss."[26] "[T]hreadbare recitals of elements of a cause of action, supported by mere conclusory statements" or "naked assertion[s] devoid of further factual enhancement" are not sufficient.[27]

"Factual allegations must be enough to raise a right to relief above the speculative level."[28] "[W]here the well-pleaded facts do not permit the court to infer more than the mere possibility of misconduct, the complaint has alleged—but it has not 'show[n]'—that the pleader is entitled to relief."[29]

## III. ANALYSIS

### A. Plaintiffs' Claims for Declaratory Relief

In the Court's prior order granting Defendants' motions for partial dismissal, the Court determined that Plaintiffs are barred by *res judicata* from arguing that Golden Pond is subject to public use.[30] Defendants contend that this Court's ruling "negates the fundamental premise of all of Plaintiffs' remaining claims—that Plaintiffs' had a right to navigate and fish on Golden Pond."[31] In opposition, Plaintiffs simply argue the Court's prior judgment is incorrect, and make essentially the same arguments in their opposition

---

[24] *Id.*
[25] *Id.*
[26] *S. Christian Leadership Conference v. Supreme Court of the State of La.*, 252 F.3d 781, 786 (5th Cir. 2001) (citing *Fernandez-Montes v. Allied Pilots Ass'n*, 987 F.2d 278, 284 (5th Cir. 1993)).
[27] *Iqbal*, 556 U.S. at 663, 678 (citations omitted).
[28] *Twombly*, 550 U.S. at 555.
[29] *Id.* (quoting FED. R. CIV. P. 8(a)(2)).
[30] R. Doc. 74 at 42.
[31] R. Doc. 81-1 at 1; *see* R. Doc. 82-1 ("Because the Court's Order and Reasons bars the Plaintiffs from arguing that Golden Pond or any of the waterbodies at issue in the *Dardar* Litigation are publicly accessible, it also conclusively establishes that Plaintiffs are not entitled to the primary or alternative declaratory relief they seek.").

4

to the motions to dismiss presently before the Court as they did in their opposition to Defendants' first motions to dismiss.[32] For example, Plaintiffs again argue that the *Dardar* litigation, in which the Fifth Circuit held Golden Pond was private property unencumbered by any servitude,[33] does not preclude a finding that Golden Pond is accessible to the public because the "the waters at issue today **ARE NOT** the same waters that were at issue in the *Dardar* cases."[34]

Both of the declarations Plaintiffs seek depend on whether Golden Pond is accessible to the public. Because the Court has already determined that Golden Pond is private property not subject to the public trust or a federal navigational servitude, a necessary predicate to Plaintiffs' declaratory judgment action is absent. As a result, the Court concludes Plaintiffs' declaratory judgment actions must be dismissed.

### B. Plaintiffs' State Law Claims

Having dismissed each of Plaintiffs' federal claims, the Court declines to exercise supplemental jurisdiction over Plaintiffs' state law claims. District courts have discretion not to exercise supplemental jurisdiction over a claim when all claims over which the court had original jurisdiction have been dismissed.[35] Although the "'general rule' is to

---

[32] *Compare* R. Doc. 41 *with* R. Doc. 86.
[33] *Dardar v. Lafourche Realty Co., Inc.*, 985 F.2d 824 (5th Cir. 1993); *Dardar v. Lafourche Realty Co., Inc.*, 55 F.3d 1082 (5th Cir. 1995).
[34] R. Doc. 86 at 8 (emphasis in original). The Court notes, however, that it is undisputed that Golden Pond is situated within the boundaries of the property at issue in *Dardar*. According to Plaintiffs, "Golden Pond is a naturally existing lake, . . . [t]he majority of [which] falls within Section 19 of T[ownship] 20 S[outh], R[ange] 23 E[ast], in Lafourche Parish." R. Doc. 25 at ¶ 8(A). The *Dardar* decisions expressly addressed the entirety of this same Section 19. *See* Rec. Doc. 15-4 at 3 (listing the exact areas at issue in *Dardar*, including "Township 20 South, Range 23 East[:] All of section[] . . . 19"); *see also* R. Doc. 49-4 (displaying an aerial map of the Golden Pond showing it falls within the *Dardar* judgment's boundaries).
[35] 42 U.S.C. § 1367(c)(3).
42 U.S.C. § 1367(c) reads:
    The district courts may decline to exercise supplemental jurisdiction over a claim under subsection (a) if:
        (1) the claim raises a novel or complex issue of State law,

5

decline to exercise jurisdiction over pendent state-law claims" under such circumstances, the "rule is neither mandatory nor absolute."[36] Rather, a court must consider "both the statutory provisions of 28 U.S.C. § 1367(c) and the balance of the relevant factors of judicial economy, convenience, fairness, and comity."[37] Having considered the applicable law, the complexity of Plaintiffs' remaining state law claims, and the fact that the trial of this matter has not yet been set,[38] the Court declines to exercise supplemental jurisdiction over these claims and dismisses Plaintiffs' remaining state law claims without prejudice.[39]

## CONCLUSION

**IT IS ORDERED** that Defendants Sergeant Jeffery Prevost and Lafourche Parish Sheriff Craig Webre's motion to dismiss[40] is **GRANTED.** Plaintiffs' remaining federal law claims against Defendants Sergeant Jeffery Prevost and Lafourche Parish Sheriff Craig Webre are hereby **DISMISSED WITH PREJUDICE.**

**IT IS FURTHER ORDERED** that Defendants Castex Lafourche, LP and Glenn M. Plaisance's motion to dismiss[41] is **GRANTED.** Plaintiffs' remaining federal law claims

---

(2) the claim substantially predominates over the claim or claims over which the district court has original jurisdiction,

(3) the district court has dismissed all claims over which it has original jurisdiction, or

(4) in exceptional circumstances, there are other compelling reasons for declining jurisdiction.

[36] *Batiste v. Island Records Inc.*, 179 F.3d 217, 227 (5th Cir. 1999) (quoting *McClelland v. Gronwaldt*, 155 F.3d 507, 519 (5th Cir. 1998)).

[37] *Id.* (citations omitted).

[38] On the parties' joint motion, R. Doc. 66, all trial and pre-trial deadlines were continued without date. R. Doc. 76.

[39] *See Carnegie-Mellon Univ. v. Cohill*, 484 U.S. 343, 350 n.7 (1988) (stating that "in the usual case in which all federal-law claims are eliminated before trial, the balance of factors to be considered under the pendent jurisdiction doctrine . . . will point toward declining to exercise jurisdiction over the remaining state-law claims"); *Batiste*, 179 F.3d at 227 (reversing the district court for declining to retain supplemental jurisdiction over the state law claims that remained following the district court's grant of summary judgment on all of the plaintiff's federal claims because "the remaining [state law] claims d[id] not involve any 'novel or complex' issues of state law," and "[t]he case had been pending in the district court for almost three years"). The Court dismisses without prejudice all of Plaintiffs' remaining state law claims against each Defendant in this case.

[40] R. Doc. 82.

[41] R. Doc. 81.

6

against Defendants Castex Lafourche, LP and Glenn M. Plaisance are hereby **DISMISSED WITH PREJUDICE.**

**IT IS FURTHER ORDERED** that Plaintiffs' state law claims against Defendants Sergeant Jeffery Prevost, Lafourche Parish Sheriff Craig Webre, Castex Lafourche, LP, and Glenn M. Plaisance are hereby **DISMISSED WITHOUT PREJUDICE.**

**IT IS FURTHER ORDERED** that Plaintiffs' motion to certify the Court's prior ruling as a final judgment is hereby **DISMISSED WITHOUT PREJUDICE** as **MOOT.**[42]

**New Orleans, Louisiana, this 10th day of May, 2018.**

_____
**SUSIE MORGAN**
**U.S. DISTRICT COURT JUDGE**

---

[42] R. Doc. 80.